WALTER BARNES v. HOWARD ANGE AND WIFE, ARTIE B. ANGE

No. 732DC419

(Filed 29 August 1973)

**Evidence § 48— failure to qualify witness as expert**

In an action to recover the balance due for construction of a building for defendants wherein defendants counterclaimed for damages for faulty workmanship, the trial court did not err in the exclusion of testimony by defendants' witness as to the fair market value of necessary repairs to the building where there was no admission or stipulation that the witness was an expert, no evidence from which the trial judge could determine the witness's qualifications and no finding by the trial judge that the witness was an expert.

APPEAL by defendant from *Ward, District Court Judge,* 29 November 1972 Session of District Court held in WASHINGTON County.

Plaintiff instituted this action to recover the sum of $345.00 for the balance due on materials and labor furnished in the construction of a service station-grocery store in Washington County, North Carolina.

Defendant answered alleging that payment had been made. Defendant also filed counterclaim for damages in the amount of $8,000.00, alleging faulty workmanship and construction.

Plaintiff's evidence tended to show that an agreement was reached between plaintiff and Mr. Jim Hughes of Plymouth Oil Company, acting as agent of the defendant Howard Ange, concerning the construction of the service station-grocery store building; that plaintiff knew that construction according to plans and specifications would result in water seepage, but did not advise defendant or his agent; that plaintiff completed construction according to plans and specifications; that water seepage occurred; that the parties agreed that if a ditch were

dug and lined with rock, it would eliminate seepage; that defendant agreed to dig the ditch and line it with rock.

Defendant's evidence tended to show that Hughes, as agent of the defendant, contracted with plaintiff for the construction of the building; that defendant had complained to plaintiff about water seepage prior to completion of construction; that at a later date plaintiff advised defendant to dig a ditch which would divert the water source; that defendant did not dig the ditch; that water seepage damaged the building.

Defendant called Mr. Robert Furcy to give testimony as to damages to the building. The witness gave an opinion as to the fair market value of all repairs on the building which were necessary to correct the water problem; the value was $6,000.00.

Plaintiff's motion to strike the testimony of Mr. Furcy was allowed. Plaintiff then moved to dismiss defendant's counterclaim for failure to establish damages. The motion was allowed.

The jury found that defendant was indebted to plaintiff in the sum of $232.50, and judgment was entered upon the verdict. Defendant appealed.

*Hutchins & Romanet, by R. W. Hutchins, for the plaintiff.*

*Bailey & Cockrell, by Arthur E. Cockrell, for the defendants.*

BROCK, Chief Judge.

The defendants assign as error that the trial judge sustained the objection to and allowed plaintiff's motion to strike the testimony of Mr. Furcy concerning the cost of necessary repairs. Defendants argue that testimony of an expert witness is admissible in evidence. This is true, but there must be an admission or stipulation that the witness is an expert, or there must be a determination by the trial judge that the witness is an expert, before such expert testimony is admissible. In this case, plaintiff neither admitted nor stipulated that defendants' witness was an expert. It is implicit in the trial judge's ruling, which excluded the testimony, that the trial judge did not determine that the witness was an expert.

From this record, it is clear that the trial judge was correct in excluding the testimony. Mr. Furcy may be the expert that he stated he was, but no evidence was offered from which

the trial judge could determine the witness' qualifications. The total of the evidence upon the question of the witness' qualification as an expert is the following statement by the witness himself: "I am an expert witness in the field of commercial and domestic construction of houses."

Counsel for defendants stipulated in argument before this Court that plaintiff offered sufficient evidence to entitle him to have his case submitted to the jury. With the testimony of defendants' witness relating to damages excluded, defendants failed to establish a *prima facie* case on their counterclaim. Therefore, submission of the case to the jury only upon plaintiff's claim was proper.

No error.

Judges VAUGHN and BALEY concur.